**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CARL WOOFTER and LEE WOOFTER,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**LOGAN COUNTY HOSPITAL and** )<br>**MELDON SNOW** )<br>**Defendants.** )<br>_____) | Case No. 16-cv-02726-CM |

### **MEMORANDUM AND ORDER**

This matter is before the court on defendants' Motion for Partial Dismissal of Plaintiffs' Complaint (Doc. 8).  For the reasons below, the court grants defendants' motion, dismissing Count V against defendant Snow, and dismissing Counts II and VII against both defendants.

**I.  Factual Background**

This case arises from an employment relationship between plaintiffs, Mr. Carl Woofter and Mrs. Lee Woofter, and defendants, Logan County Hospital (LCH) and Mr. Meldon Snow.  Defendant Snow works for LCH as an administrator.  Mr. Woofter worked for LCH as a physician's assistant, and Mrs. Woofter worked for LCH as a clinic manager.  Mr. Woofter was employed pursuant to a written contract of definite duration, which automatically renewed each year unless terminated.  This agreement provided multiple clauses for termination, including "Automatic," "Without Cause," and "With Cause."  Mr. Woofter worked for LCH from January 1, 2012 until his termination on October 30, 2015.  Mrs. Woofter was an at-will employee of LCH from August of 2012 until her termination on October 31, 2015.

Mr. Woofter alleges that during his employment, defendant Snow attempted to pressure him into referring more patients to the services of defendant LCH.  Mr. Woofter further alleges that Snow's

conduct violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the Patients' Bill of Rights and Responsibilities, and 42 C.F.R. § 411.351. Mr. Woofter believed that altering his practice would run counter to patients' best interests, and did not change his referral practice as requested.

Mr. Woofter claims that he took approved leave under the Family and Medical Leave Act of 1993 (FMLA) on or about October 1, 2015. He was notified of his termination by registered mail on November 4, 2015. The termination letter stated that he was terminated for "exhibiting disruptive behavior, unprofessional or immoral conduct," triggering the employment agreement's "Automatic Termination" provision. Mr. Woofter claims that defendants "automatically" terminated him "for a clearly 'with cause' reason." He further alleges that his termination was retaliatory, for refusing to violate professional standards by changing his referral practices, or alternatively, for taking FMLA leave.

Mrs. Woofter was approved for FMLA leave on June 27, 2015. Plaintiffs claim that Mrs. Woofter was still experiencing health issues at the end of her twelve-week leave period. Plaintiffs allege that defendants were required to accommodate her under the Americans with Disabilities Act (ADA), but instead terminated her the day after firing Mr. Woofter. Plaintiffs claim that defendants admitted that they knew Mrs. Woofter was "disabled" and "not able to return to work due to ongoing health issues." Plaintiffs allege that the firing of Mrs. Woofter, one day after her husband, was also wrongful and retaliatory.

## II. Procedural Background

Following their termination, plaintiffs brought several employment discrimination and other claims against both defendants. At issue in this motion are Mr. Woofter's claim for Retaliatory Discharge in Violation of Public Policy (Count II); Mrs. Woofter's claim for Retaliation and Wrongful

Termination in Violation of the Americans with Disabilities Act (ADA) (Count V); and both plaintiffs' claims for Negligent Interference with Prospective Economic Relations (Count VII).

Defendants move for partial dismissal on Count V against defendant Snow only, and on Counts II and VII against both defendants. Defendants ask the court to dismiss Count VII with prejudice. Defendants argue that Kansas does not recognize individual liability under the ADA claims of Count V, and that no Kansas law recognizes the cause of action in Count VII. On Count II, defendants argue that the retaliatory discharge claim is an exception to the at-will employment rule, and that Mr. Woofter cannot pursue this claim because he was not an at-will employee. Defendants also argue that even if plaintiff may pursue this claim, Count II should be dismissed against defendant Snow because Kansas does not recognize supervisor liability in retaliatory discharge suits.

Plaintiffs have agreed to dismissal of Count V against defendant Snow only, and to dismissal of Count VII against both defendants. The court sees no reason why these claims should not be dismissed, and therefore dismisses them without prejudice. As a result, the court will address only Count II, Mr. Woofter's claim against both defendants for Retaliatory Discharge in Violation of Public Policy.

### III.   Legal Standard

The court will grant a motion to dismiss under Rule 12(b)(6) only when a plaintiff's factual allegations fail to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating a motion under this rule, the court (1) assumes all well-pleaded facts to be true; (2) disregards legal conclusions; and (3) views the facts in the light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). To survive a motion to dismiss, a plaintiff's factual allegations need not be detailed, but must be more than merely "labels, conclusions, and a formulaic recitation of the

-3-

elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).

**IV.    Discussion**

A.    Retaliatory Discharge

As noted above, defendants move to dismiss Count II because retaliatory discharge is an exception only to the at-will employment rule and Mr. Woofter was not an at-will employee. Mr. Woofter was employed by LCH under the terms of an employment agreement of definite duration, and neither plaintiffs nor defendants have ever alleged that he was an at-will employee. Plaintiffs, however, argue that at-will employment is not a necessary element of wrongful discharge in violation of public policy.

Kansas follows the at-will rule of employment. Under the at-will rule, an employer may discharge an employee for any reason or no reason, so long as the employer's reason is not an unlawful one, without creating liability for wrongful or retaliatory discharge. *See Bracken v. Dixon Indus. Inc.*, 38 P.3d 679, 682 (Kan. 2002). At-will employment is shown by "the absence of a contract, express or implied, between an employee and his employer covering the duration of employment." *Johnson v. Nat'l Beef Packing Co.*, 551 P.2d 779, 781 (Kan. 1976). Kansas courts recognize limited exceptions to the at-will rule. Among these exceptions is the tort of retaliatory discharge in violation of public policy. *See, e.g.*, *Conrad v. Bd. of Johnson Cty. Comm'rs*, 237 F. Supp. 2d 1204, 1262 (D. Kan. 2002) (citing *Allegri v. Providence-St. Margaret Health Ctr.*, 684 P.2d 1031, 1036 (Kan. Ct. App. 1984)).

Outside of at-will relationships, Kansas courts do not typically consider claims for retaliatory discharge in violation of public policy. In rare circumstances, Kansas courts have considered these claims by treating written employment agreements similar to those terminable at-will. These rare circumstances include (1) an employee who is terminated under an employment agreement's "without

-4-

cause" provision; (2) an agreement by all parties involved to treat the employment as being an at-will relationship; or (3) a union employee without an employment contract of definite duration, terminated under a well-established exception to the at-will rule.  *See St. Catherine Hosp. of Garden City v. Rodriguez*, 971 P.2d 754, 756–57 (Kan. Ct. App. 1998); *Aiken v. Bus. & Indus. Health Grp., Inc.*, 886 F. Supp. 1565, 1570 n.3 (D. Kan. 1995), *aff'd sub nom. Aiken v. Employer Health Servs., Inc.*, 81 F.3d 172 (10th Cir. 1996); *Coleman v. Safeway Stores, Inc.*, 752 P.2d 645, 651–52 (Kan. 1988).

In support of their argument that at-will employment is not a necessary element of retaliatory discharge in Kansas, plaintiffs cite *Hutchings v. Kuebler*, 5 F. Supp. 2d 1886, 1199 (D. Kan. 1998) and *Palmer v. Brown*, 752 P.2d at 689–90 (Kan. 1988).  While plaintiffs rely heavily on the *Palmer* court's policy considerations concerning whistleblower protection, all of plaintiffs' Kansas authority is within the context of at-will employment.  *See Hutchings*, 5 F. Supp. 2d at 1198–99 (recognizing wrongful discharge as an exception to the at-will rule); *Palmer*, 752 P.2d at 686 ("Palmer had no written employment contract").  Further, plaintiffs have not alleged any of the rare circumstances noted above that would justify consideration of a retaliatory discharge claim outside of at-will employment. Plaintiffs raise and argue the existence of Mr. Woofter's "without cause" firing provision for the first time in response to defendants' motion for partial dismissal, and ask this court to apply out-of-state authority.  *See LoPresti v. Rutland Reg'l Health Servs., Inc.*, 865 A.2d 1102, 1110 (Vt. 2004). Plaintiffs argue that like the agreement in *LoPresti*, the existence of a written employment agreement between Mr. Woofter and LCH should be "immaterial" in light of LCH's power to terminate Mr. Woofter without cause, because "[s]uch employer discretion is the defining characteristic of the at-will relationship." (Doc. 15, at 11.)

The court is not persuaded to depart from Kansas authority.  Plaintiffs have explicitly claimed that Mr. Woofter was terminated "for cause," and that defendants purported to terminate Mr. Woofter

under his agreement's "Automatic Termination" clause.  Plaintiffs have never claimed that Mr. Woofter was terminated under a "without cause" provision, and have only discussed this provision of Mr. Woofter's employment agreement to argue that the provision's existence alone is sufficient to allow his claim to proceed.  Under these facts, plaintiffs have not sufficiently alleged an at-will relationship between Mr. Woofter and LCH, and the court does not recognize an exception for an employee to bring this action outside of at-will employment.

However, even if the court could reach the policy arguments of Mr. Woofter's retaliatory discharge claim, dismissal would remain appropriate.  As a novel public policy claim, Kansas does not protect the refusal to engage in allegedly unlawful conduct.  *See Balfour v. Medicalodges, Inc.*, No. 05-2086-KHV, 2006 WL 3760410, at \*19 (D. Kan. Dec. 19, 2006); *Aiken*, 886 F. Supp. at 1573.  Kansas may protect such refusals when also accompanied by a whistleblower claim, but this longstanding protection requires a plaintiff to report the allegedly unlawful conduct to a higher authority.  *See Lykins v. CertainTeed Corp.*, 55 F. App'x 791, 794–95 (10th Cir. 2014); *Shaw v. Sw. Kan. Groundwater Mgmt. Dist. Three*, 219 P.3d 857, 862–63 (Kan. Ct. App. 2009).  Here, plaintiffs have not pled the essential element of a report.

The court would similarly dismiss Mr. Woofter's alternative theory, which argues for a policy against FMLA retaliation.  The public policy tort of retaliatory discharge is unavailable when another state or federal action offers an adequate remedy.  This court has consistently ruled that the availability of an FMLA retaliation claim, such as the one plaintiffs currently bring on another count, provides an adequate remedy.  *See Wedel v. Petco Animal Supplies Stores, Inc.*, No. 13-CV-2298, 2013 WL 5819746, at \*2 (D. Kan. Oct. 29, 2013) (collecting cases); *White v. Graceland Coll. Ctr.,* 2008 WL 191422, at \*4 (D. Kan. Jan. 22, 2008).

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 8) is granted.

Counts II and VII are dismissed without prejudice. Count V is dismissed against defendant Snow only.

Dated this 21st day of July, 2017, at Kansas City, Kansas.

                                              s/ Carlos Murguia
                                              **CARLOS MURGUIA**
                                              **United States District Judge**